IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-130-D

VARIETY MART, INC., )
)
Plaintiff, )
)
v. ) **ORDER**
)
PAYMENT PROCESSING )
TECHNOLOGIES, LLC, and )
NORTH AMERICAN BANCARD, LLC, )
)
Defendants. )

On April 23, 2014, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to transfer the action to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a). See [D.E. 13]. On May 7, 2014, Variety Mart, Inc. ("Variety Mart" or "plaintiff") responded in opposition. See [D.E. 15]. On May 23, 2014, defendants replied. See [D.E. 16].

The contract in dispute contains a mandatory forum-selection clause requiring litigation "in either the courts of the State of Georgia sitting in Fulton County or the United States District Court for the Northern District of Georgia, and expressly agree[ing] to the exclusive jurisdiction of such courts." [D.E. 14-1] ¶ 25. Variety Mart is a sophisticated business entity, had a duty to read the contract carefully, and is bound by the contract even if it did not read it carefully. See, e.g., Cara's Notions, Inc. v. Hallmark Cards, Inc., 140 F.3d 566, 567, 570–71 (4th Cir. 1998); see also Davis v. Davis, 256 N.C. 468, 471–72, 124 S.E.2d 130, 133 (1962); Williams v. Williams, 220 N.C. 806, 809–10, 18 S.E.2d 364, 366 (1942). Moreover, a district court should give a valid forum-selection clause controlling weight absent "extraordinary circumstances." Atl. Marine Constr. Co. v. U.S.

Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 575 (2013). Here, the clause is enforceable, and the dispute falls within the clause. Furthermore, no extraordinary circumstances exist that would warrant refusing to enforce the mandatory forum-selection clause. See id. at 578–83.

Accordingly, the court enforces the mandatory forum-selection clause and GRANTS defendants' motion to transfer venue under 28 U.S.C. § 1404(a) [D.E. 13]. See Atl. Marine Constr. Co., 134 S. Ct. at 578–83; Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 493–94 (E.D.N.C. 2006). The action is transferred to the United States District Court for the Northern District of Georgia.

SO ORDERED. This _6_ day of June 2014.

JAMES C. DEVER III
Chief United States District Judge

2